UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TRACY MCFADDEN, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 10-0597 (PLF) |
| UNITED STATES PAROLE COMMISSION, | ) ) ) ) | |
| Respondent. | ) ) ) | |

MEMORANDUM OPINION

In this action for a writ of *habeas corpus*, petitioner, a District of Columbia prisoner, seeks credit for nine years of time he served while on parole ("street-time credit"). Pet. at 5. In opposing the petition, the United States Parole Commission ("the Commission") argues that petitioner is not so entitled. Upon consideration of the parties' submissions, and for the following reasons, the Court agrees with the Commission and therefore will deny the petition and dismiss this case.

I. BACKGROUND

Petitioner is serving an aggregate sentence of 21 years' imprisonment based on consecutive sentences imposed by the Superior Court of the District of Columbia in July and October 1989. *See* Resp't.'s Ex. 1.[1] He was first released to parole supervision on October 28, 1995. Ex. 2. In May 2000, the District of Columbia Parole Board issued a parole violator

---

[1] All of the exhibits relied upon are attached to the United States Parole Commission's Opposition to Petitioner's Petition for a Writ of Habeas Corpus [Dkt. No. 5].

warrant, which was executed in August 2000.  Ex. 4.  Following a preliminary hearing on August 30, 2000, *see id*., petitioner agreed on October 4, 2000, to an expedited parole revocation proceeding where he "waive[d] [his] right to a revocation hearing . . . accept[ed] responsibility for conduct charged against [him] in the warrant application and . . . accept[ed] the proposed Parole Commission decision. . . ."  Ex. 5 at 3.  Pursuant to the agreement, the Commission, by Notice of Action dated October 6, 2000, revoked petitioner's parole, forfeited his street-time credit and scheduled a reparole date after his service of six months' imprisonment.  Ex. 6.  The foregoing events were similarly repeated in February 2001, when petitioner was released again to parole supervision, and in December 2002, when his parole was revoked, in June 2003 (paroled) and August 2004 (revoked), in October 2006 (paroled) and August 2008 (revoked), and in March 2009 (paroled).  *See* Exs. 7, 11, 12, 17, 20, 24, 25.

On March 5, 2010, the Commission issued a parole violator warrant based on petitioner's failure to report to his supervising officer and his violation of a parole condition to participate in anger management.  Ex. 26 at 3.  Following execution of the warrant on March 9, 2010, and a probable cause hearing three days later, on March 12, 2010, petitioner again agreed to an expedited revocation proceeding where he "accept[ed] an Expedited Decision [to] (1) revoke[] [his] parole . . . and (2) impose[] a parole date/term of imprisonment . . . no greater than the bottom of [his] guideline range . . . at least 2 but not more than 5 months."  Ex. 28.  Petitioner acknowledged that his "guidelines [were] undetermined."  *Id*. at 3.  Petitioner also agreed to "accept whatever decision the Commission [made] with regard to [street-time credit]," *id*. at 2, and waived his right to appeal the decision.  He maintained the right to request amendment of a determination he believed to be in error with regard to, *inter alia*, the guideline range.  *Id*. at 2.

2

Pursuant to the foregoing agreement, the Commission, by Notice of Action dated April 27, 2010, revoked petitioner's parole, forfeited street-time credit earned between August 26, 2009 and March 8, 2010, and set a presumptive parole date of March 7, 2011, after petitioner's service of 12 months' imprisonment – the bottom guideline range of 12 to 16 months. Ex. 29. Petitioner, through counsel, sought reconsideration of the guideline range, claiming that he believed it to be 8 to 12 months, but the Commission denied his request because the expedited agreement stated that the guideline range would be determined later. Exs. 30, 31. Meanwhile, petitioner filed this action on April 19, 2010, from the District of Columbia Jail. *See* Pet. Caption.

## II. DISCUSSION

The Commission argues correctly that petitioner is not entitled to the restoration of any street-time credit that was forfeited prior to May 2009 because District of Columbia law specifically provided that "[i]f the order of parole shall be revoked . . . , [t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced. D.C. Code § 24-406(a). Through a series of cases starting with *Noble v. United States Parole Commission*, 82 F.3d 1108, 1109-10 (D.C. Cir. 1996), such claims seeking the restoration of forfeited street-time credit were finally resolved against District of Columbia prisoners. *See United States Parole Commission v. Noble*, 693 A.2d 1084, 1094-1104 (D.C. 1997), *reinstated* 711 A.2d 85 (D.C. 1998) (en banc) (interpreting D.C. Code § 24-206(a), now D.C. Code § 24-406)(a), as requiring forfeiture of street-time credit on certification of question from the District of Columbia Circuit); *McKee v. United States Parole Commission*, 214 Fed.Appx. 1, 2 (D.C. Cir.

2006) ("*Noble* provided an authoritative statement of the meaning of D.C. Code § 24-206(a) (1981) that was consistent with the statutory language.")

Effective May 20, 2009, D.C. Code § 24-406 was amended to require the Commission's forfeiture of street-time credit only "[i]f a parolee is convicted of a crime committed during a period of parole." D.C. Code § 24-406(c)(2) (2009). The amendment does "not apply to any period of parole that was revoked prior to May [20], 2009." D.C. Code § 24-406(d). The remaining issue in this case, then, is the applicability of the amendment to petitioner's latest revocation in April 2010. The amended statute authorizes the Commission to forfeit a revoked parolee's earned street-time credit "for the period of time that [it] determines that the parolee failed or refused to respond to [any reasonable] request, order, summons, or warrant." D.C. Code § 24-406(c)(3). Petitioner was charged with failing to report to his supervising officer "on 8-26-2009 *as directed* or any date thereafter." Resp't.'s Ex. 26 (emphasis added). By agreeing to an expedited revocation, petitioner waived his right to contest the charge. The Commission therefore was within its authority to forfeit the time, from August 26, 2009 to March 8, 2010, that petitioner failed to comply with its reporting requirement.

Finding no basis for issuing the writ, the Court will deny the petition for a writ of *habeas corpus* and dismiss the case. A separate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
DATE: September 27, 2010        United States District Judge